UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMANDA MOTT, on her own behalf and
others similarly situated,

        Plaintiff,

vs.                                           Case No.   2:05-cv-346-FtM-29DNF

7-ELEVEN, INC., a foreign corporation,

        Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on the parties' Joint Motion to Approve Settlement (Doc. #12), filed on October 10, 2005. The parties have reached a settlement as to plaintiff's[1] claims arising under the Fair Labor Standards Act, and the parties now seek Court approval.  A settlement agreement stemming from a suit brought by an employee under the FLSA, must be "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," and approved by the Court.  See Lynn's Food Stores, Inc. v. United States Dep't of Labor, 679 F.2d 1350, 1355 (11th cir. 1982).

    Upon review of the Complaint (Doc. #1) and the Settlement Agreement and Release of Claims, the Court finds that the settlement fairly and reasonably resolves the disputed issues as to plaintiff Amanda Mott, and considering all the circumstances in the

---

[1] Although the case was initiated by plaintiff Amanda Mott "on her own behalf and others similarly situated," class certification was not sought and no class was approved.

case, is a reasonable compromise. Accordingly, the Court approves the settlement, with the exception of the following two provisions: (1) the agreement that each side is to bear their own attorneys' fees and costs upon dismissal of the case; and (2) the agreement that only a portion of the settlement is to be subject to withholding.

The settlement payment consists of a $650.00 payment to Amanda Mott ("subject to withholding") and a payment of $1,850.00 to Goldberg & Feldman LLP, counsel for plaintiff ("which will not be subject to withholding"). The payment to Goldberg & Feldman LLP appears to be payment for attorney fees incurred pursuant to plaintiff's contingency fee agreement. As a result, the parties would not bear their own fees and costs upon dismissal. The Court further finds that the tax consequences and withholding provision are beyond the Court's authority to approve or disapprove. Therefore, that aspect will not be approved.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The parties' Joint Motion to Approve Settlement (Doc. #12) is **GRANTED** to the extent clarified above and the Settlement Agreement and Release of Claims is approved to that extent.

2. The settlement having been approved, the case is dismissed with prejudice. The Clerk shall enter judgment accordingly,

terminate all pending deadlines and motions as moot and close the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of October, 2005.

                                                JOHN E. STEELE
                                                United States District Judge

Copies:
Counsel of record
DCCD